Aina v American Univ. of Antigua (2018 NY Slip Op 03456)





Aina v American Univ. of Antigua


2018 NY Slip Op 03456


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6533 157096/15

[*1]Oludamilare Aina, Plaintiff-Appellant,
v
American University of Antigua, Defendant-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Daniel E. Dugan of counsel), for appellant.
Law Offices of Leonard A. Sclafani, New York (Leonard Sclafani of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered April 6, 2017, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
This action, where plaintiff, a former student of defendant's medical school, alleges that he was discriminated against, was properly dismissed on the ground of forum non conveniens (see CPLR 327[a]; Islamic Republic of Iran v Pahlavi , 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). Neither party is a New York resident and the underlying conduct took place in Georgia or Antigua, where the vast majority of witnesses and documents are located. Plaintiff does not contend that New York law applies to his claim, or that Georgia or Antigua are not adequate alternative fora. The fact that defendant retains a New York firm to provide administrative support is not sufficient to render New York an appropriate forum.
Defendant did not waive its right to challenge the New York forum by participating in the instant litigation, as its participation has been minimal. Defendant filed this motion shortly after filing its amended answer, and before plaintiff had replied to its counterclaims. Although defendant served discovery demands and participated in a scheduling conference, no discovery had yet been exchanged and there were no prior motions. It is further noted that defendant made clear in both its answer and amended answer that it intended to assert forum non conveniens as an affirmative defense, and expressly agreed to dismissal of its counterclaims on that basis.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK